## Rowland *v*. Martin, Appellant.

*Deeds—Construction—Spendthrift trusts—Trusts and trustees.*

A man and his wife conveyed certain real estate by deed in trust for their own use for life and upon the death of the survivor "in trust to part and divide said real estate into as many parts as there are children or issue" of the wife "then living by representation, and the share of such of her male children or male issue to grant and convey unto them, their heirs and assigns in severalty as tenants in common, and not as joint tenants, freed, clear and discharged of and from all trusts, uses and limitations whatsoever, and provided, however, that in the event of any such child or children or issue of any deceased child or children being under the age of twenty-one years at the time of the decease of . . . . the survivor . . . . then in trust to collect and receive the rents, issues, income and profits of the share of such minor child . . . . and to pay over the same unto such person or persons as [the wife or surviving husband] . . . . shall nominate and appoint to receive the same, whose receipts shall be an effectual discharge for all moneys so paid to them by the trustee or his successors in the trust, said moneys to be applied by such person or persons for the maintenance, education and support of such minor child or children or issue of any such child or children, until the said minor child of said Helen Moore, or issue of any deceased child or children being minors, shall attain the age of twenty-one years, such shares of her said children to be enjoyed by them without being liable or subject to any of their debts or engagements, present or future." *Held*, that as to those male children who were twenty-one years of age at the death of the surviving parent the estate would vest absolutely and in fee, free, clear and discharged of and from all trusts, uses and limitations whatsoever.

Submitted Jan. 9, 1911. Appeal, No. 261, Jan. T., 1910, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Sept. T., 1909, No. 2622, for plaintiff on case stated in case of Charles Rowland v. Frank P. Martin. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Case stated to determine marketability of title.

The facts appear in the opinion of MAGILL, J., as follows.

January 15, 1876, Leopold Moore and Helen Moore, his

wife, by deed recorded at Philadelphia in Deed Book D.
H. L., No. 14, page 64, etc., granted and conveyed certain
real estate, including that described in sec. 6 of the case
stated, to Frederick Flammer in trust for the use and
benefit of said Leopold Moore and Helen, his wife, and the
survivor of them in such manner as not to be liable for the
debts or engagements of them, or either of them, and upon
the death of the survivor "In trust to part and divide said
real estate into as many parts as there are children or issue
of Helen Moore then living by representation, and the
share of such of her male children, or male issue to grant
and convey unto them, their heirs and assigns in severalty
as tenants in common, and not as joint tenants, freed,
clear and discharged of and from all trusts, uses and limi-
tations whatsoever, and provided, however, that in the
event of any such child or children or issue of any deceased
child or children being under the age of twenty-one years
at the time of the decease of the said Helen Moore and
Leopold Moore, and the survivor of them, then in trust
to collect and receive the rents, issues, income and profits
of the share of such minor child or children or issue being
minors of such deceased child or children, and to pay over
the same unto such person or persons as she, the said
Helen Moore, during her life time (or the said Leopold
Moore after her decease) by last will and testament, or
any writing in the nature thereof under hand and seal duly
attested by two or more creditable witnesses, notwith-
standing the coverture of her, the said Helen Moore, or
whether she be covered or sole, shall nominate and appoint
to receive the same, whose receipts shall be an effectual
discharge for all moneys so paid to them by the trustee or
his successors in the trust, said moneys to be applied by
such person or persons for the maintenance, education and
support of such minor child or children or issue of any such
child or children until the said minor child of said Helen
Moore, or issue of any deceased child or children being
minors, shall attain the age of twenty-one years, such
shares of her said children to be enjoyed by them without

being liable or subject to any of their debts or engagements, present or future."

Leopold Moore, one of the grantors, died January 17, 1907. Helen Moore, the other grantor, survives him as his widow. There were also surviving at the death of Leopold Moore several children, and also grandchildren, issue of deceased children. One of the children of the grantor surviving at the death of Leopold Moore is George W. Moore, a son born on March 24, 1853, and therefore past twenty-one years of age at the death of his father.

May 26, 1909, Charles W. Rowland obtained judgment in the sum of $4,350 against the said George W. Moore, son of the grantors, upon which judgment execution was issued, and levy made upon all the estate, right, title and interest of said George W. Moore in two certain pieces of real estate particularly described in sec. 6 of the case stated, being a part of the property conveyed by the above mentioned deed of trust, and on August 2, 1909, the sheriff of Philadelphia county sold, and by deed dated August 9, 1909, conveyed, unto Charles Rowland, the plaintiff, all the right, title and interest of the said George W. Moore in and to the said premises.

August 12, 1909, plaintiff entered into an agreement with the defendant to sell to him all the estate, right, title and interest conveyed by the sheriff of Philadelphia to him, the plaintiff, free and clear of any spendthrift trust or other trust whatsoever, for the sum of $4,500, and the defendant agreed to purchase the said estate, right, title and interest free and clear of any spendthrift trust, or other trust whatsoever, for said sum.

As shown by paragraph ten of case stated as amended by agreement of counsel filed March 1, 1910, Charles Rowland, the plaintiff, within the period designated by the agreement of counsel, tendered to Frank P. Martin, the defendant, a good and sufficient deed of conveyance of the estate, right, title and interest of the said Charles Rowland of, in and to the premises in question, being the same estate, right, title and interest which was of the said George

W. Moore, under the deed of trust executed by Leopold Moore and wife, above referred to, which was taken in execution and sold by the sheriff to the said Charles Rowland as the property of the said George W. Moore. Defendant has declined to accept said deed or to pay the purchase money agreed upon, alleging that the interest of said George W. Moore in said property was subject to a spendthrift trust under the provisions of the deed of trust above mentioned.

By supplemental agreement or stipulation filed December 3, 1909, after arguments, it is agreed by counsel for the parties that the interest of George W. Moore, under the deed of trust by Leopold Moore and wife, to Frederick Flammer, is a contingent interest which will not vest, if at all, until the death of the life tenants, and that the agreement of sale was entered into under such an understanding of the deed.

It is contended by counsel for defendant that the words of the deed, "Such shares of her said children to be enjoyed by them without being liable or subject to any of their debts or engagements, present or future," creates a spendthrift trust, and this is the only question to be decided in the case.

In support of his position counsel for defendant cites and relies upon Beck's Estate, 133 Pa. 51; Minnich's Estate, 206 Pa. 405, and Rockhill's Estate, 29 Pa. Superior Ct. 28.

Again referring to the deed of trust we find that upon the death of the survivor of the grantors, the estate conveyed by the deed is in trust to part and divide said real estate into as many parts as there are children or issue of Helen Moore, then living, by representation, and the share of such of her male children or male issue of any deceased child or children, to grant and convey unto them, their heirs and assigns forever in severalty, as tenants in common and not as joint tenants, freed, clear and discharged of and from all trusts, uses and limitations whatsoever.

It cannot be questioned that these words standing alone convey to the male issue surviving at the death of Helen Moore, the present surviving grantor, a title to a proportionate interest in said real estate in fee. The only question is whether the words, "Such shares of her said children to be enjoyed by them without being liable or subject to any of their debts or engagements present or future," limits the grant and creates a spendthrift trust. We are clearly of the opinion that such was not the intention of the grantors, but that the said limitation relates only to the estate to be held in trust for that class of issue referred to as being, "Under the age of twenty-one years at the time of the decease of the said Helen Moore, and Leopold Moore, and the survivor of them," and that as to those male children or issue of deceased children who are twenty-one years of age at the death of said Helen Moore, the estate will vest absolutely and in fee, free, clear and discharged of and from all trusts, uses and limitations whatsoever, which was clearly the intention of the grantors.

We are therefore of opinion that George W. Moore, being now past the age of twenty-one years, if he shall survive his mother, would take his proportionate interest in the real estate in question under said deed of trust in fee, and clear of any spendthrift trust or other trust whatsoever; and that his interest in the real estate in question, having passed through sheriff's sale to the plaintiff the tender of a deed by the plaintiff to the defendant for the premises in question as set forth in paragraph ten of the case stated as amended, was a compliance by the plaintiff with the terms of the agreement of sale entered into between him and the defendant on August 12, 1909.

For the reasons here stated judgment is entered for the plaintiff and against the defendant on the case stated for the sum of $4,500, with interest from September 12, 1909.

*Error assigned* was the judgment of the court.

*Clarence E. Kuemmerle,* and *Joseph M. Smith,* for appellant.

*Clinton Rogers Woodruff,* and *William D. Neilson,* for appellee.

PER CURIAM, February 27, 1911.

The judgment is affirmed on the opinion of Judge MAGILL.